In re BIMBERG.

(District Court, S. D. New York. April 3, 1903.)

1. BANKRUPTCY—DISCHARGE—VACATION—PARTIES IN INTEREST—CREDITORS—FAILURE TO PROVE CLAIM.

That a creditor of a bankrupt failed to file or prove his claim within a year after the adjudication, and was thereby precluded by Bankr. Act, § 57n, Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444], from thereafter proving his claim, or sharing in any dividend which might be declared if the discharge was vacated, did not deprive him of the right to move to vacate such discharge, as a party in interest, within section 15, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], since, if the discharge were vacated, the creditor would be entitled to collect his claim from any property acquired by the bankrupt after bankruptcy.

2. SAME—JURISDICTION—AMENDMENT OF DECREES.

A court of bankruptcy has general power to amend its decrees in its discretion, and on its own motion to vacate a discharge, in the furtherance of justice, before the expiration of a year after it was granted.

Abraham G. Meyer, for creditor.
Herbert H. Maass, for bankrupt.

HOLT, District Judge. This is a motion to vacate a discharge. More than a year has passed since the adjudication. The creditor making the application to vacate the discharge has never proved his claim. A preliminary objection is made that he is not a party in interest, within the meaning of section 15 of the bankrupt act (Act

July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), authorizing such a motion "upon the application of parties in interest." It is asserted that the creditor, not having proved his claim, and being prohibited by section 57n, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444], from hereafter proving his claim, is not a party in interest, because he could not share in any dividend if the discharge were vacated. The language of section 57n is that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication." The authorities hold that this language is more than a limitation of time, and is an absolute prohibition. Bray v. Cobb (D. C.) 100 Fed. 272; Re Shaffer (D. C.) 104 Fed. 982; Re Moebius (D. C.) 116 Fed. 47; Collier on Bank. (4th Ed.) p. 394. The moving creditor, therefore, if the discharge were vacated, could not share in any dividend, but I think that that fact does not establish that he is not a party in interest. He has an interest in having the discharge vacated, for, if it is vacated, he can collect his claim from any property acquired by the bankrupt after the bankruptcy. Moreover, it is stated by counsel that in this case no claims were filed by any creditors. The bankrupt's schedules stated that he had no assets, and the creditors seem to have relied upon that statement. The ground of this motion is that he had assets when he went into bankruptcy, and has them still, but has concealed them. If this charge is true, and a trustee were appointed who collected the assets, as no creditors have proved claims, and the time has passed in which they can do so, the trustee would apparently be obliged to pay the money back to the bankrupt. The result, therefore, would apparently be that if the discharge were set aside the creditor could enforce his claim against the property concealed. Under the act of 1867 it was held that a creditor who had a provable debt, even if he had not proved it, could move to vacate a discharge. Re Douglas (D. C.) 11 Fed. 403. Moreover, a court of bankruptcy has generally power, like any other court, to amend its decrees, in its discretion, at any time, in the furtherance of justice, in the absence of any statutory prohibition. Re Dupee, 6 N. B. R. 89, Fed. Cas. No. 4,183. Undoubtedly a discharge cannot be vacated after a year has passed, but, before a year has passed, the court, on its own motion, in my opinion, could vacate a discharge, if justice required it.

My conclusion is that the preliminary objection should be overruled. If the bankrupt files affidavits putting in issue the facts stated in the moving papers, the matter will be referred to a referee as commissioner to take testimony and report. If no such affidavits are filed, the motion is granted.