## In re LOUISVILLE NAT. BANKING CO.

(Circuit Court of Appeals, Sixth Circuit. January 16, 1908.)

### No. 1,715.

1. BANKRUPTCY—DISCHARGE—OBJECTIONS—STATUTE — CONSTRUCTION — "PROPERTY."

Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1026], provides that the court shall discharge the applicant unless he has obtained property on credit from any person on a materially false statement made in writing to such person for the purpose of obtaining such property on credit. *Held,* that the word "property," as there used, meant "anything of value," "anything that might be owned or possessed," "anything having a debt paying or a debt securing power," including money, so that an objection that the bankrupt obtained a loan of money by making a materially false statement in writing constituted a valid objection to his discharge.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

2. SAME—DISCHARGE—VACATION—JURISDICTION.

Where the attorney for an objecting creditor was unavoidably absent when the hearing of an application for a bankrupt's discharge was had, and another attorney, who had been requested to appear and oppose the discharge on a valid ground, failed to do so, the court, after granting a discharge, had jurisdiction to consider and determine the creditor's motion to set it aside.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 869.]

3. SAME—DENIAL—WRIT OF REVIEW.

Denial of a creditor's application to set aside a bankrupt's discharge on the ground that, if the facts claimed by the creditor were established, they would not warrant the court in refusing a discharge, was reviewable by the Circuit Court of Appeals on a petition for review.

On Petition for Review.

Wm. M. Smith, for petitioner.

Before LURTON and RICHARDS, Circuit Judges, and KNAPPEN, District Judge.

RICHARDS, Circuit Judge. On January 9, 1907, William L. Pfaffinger filed his petition and on the same day was adjudged a bankrupt. On April 5, 1907, he filed a petition for a discharge, and notice was given that the application would be heard on April 27, 1907; but the hearing was postponed until May 4, 1907. On that day the attorney for the Louisville National Banking Company, one of the creditors of the bankrupt, was unavoidably absent. He had made arrangements with another attorney to represent him at the hearing and make formal objection to the discharge of the bankrupt on the ground that this creditor had a large claim for borrowed money, and that the bankrupt, in order to obtain the money represented by the credit, had made a materially false statement in writing to such bank and had obtained the money on the faith of such statement. The creditor not being represented at the hearing, and no objection being made, the discharge was granted on May 4, 1907. Afterwards, and as soon as it became known to the attorney of the

creditor that the attorney he had engaged to represent his client had failed to appear, and that no objection had been made, and the discharge had been granted, a motion was made to set aside the discharge for the reasons indicated. The matter was fully presented to the court below, and it refused to set aside the order of May 4, 1907, granting a discharge, on the ground that, even if the facts claimed by the creditor were established, they would not warrant the court in refusing a discharge, and therefore would not warrant the court in setting aside the order.

Section 14 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1026], provides, among other things, that the court shall discharge the applicant unless he has "(3) obtained property on credit from any person upon a materially false statement made in writing to such person for the purpose of obtaining such property on credit." The court below, in the opinion referred to, states that the matter was referred to the referee for the purpose of ascertaining whether the claim of the creditor that the bankrupt had made a materially false statement as to his financial condition, for the purpose of obtaining credit in the shape of money, and had thus obtained money, was sustained by the proof, and that the referee had reported that such statement had been made in writing and falsely showed the bankrupt's indebtedness at that time, namely, March 24, 1903, to be $10,200, and his assets as at least $49,674. Conceding the facts claimed to be thus established, the court below took the view that the statute did not apply, because it applied only to a materially false statement in writing made for the purpose of obtaining property on credit, and that money is not property. In support of this view, Collyer on Bank. (6th Ed.) pp. 196, 197, is cited, and also a rule in U. S. v. Isham, 17 Wall. 496, 21 L. Ed. 728, in which Mr. Justice Hunt, speaking for the court, says (page 504, 17 Wall. [21 L. Ed. 728]):

"The words of the statute are to be taken in the sense in which they will be understood by that public in which they are to take effect. Science and skill are not required in their interpretation, except where scientific or technical terms are used."

We approve of the rule laid down by Mr. Justice Hunt, but we do not think it sustains the construction claimed in this case. The position taken by Collyer on Bankruptcy is in our opinion without support. If we were to apply the rule laid down by Mr. Justice Hunt, and take the common, ordinary meaning of the word "property," we think we would reach the usual definition given to the word; that is, "anything of value," "anything that may be owned or possessed," "anything which has debt-paying or debt-securing power." One of the common crimes is obtaining property under false pretenses. It has never been restricted to the obtaining of property other than money, but to the obtaining of property including money. No good reason can be advanced for limiting the term "property" in this statute to property excluding money. Money is property in its most available and efficient form. According to the construction of the lower court, the bankrupt could, without subjecting himself to a

penalty, obtain money by making a materially false statement in writing; but he could not, without subjecting himself to the penalty, obtain property exclusive of money by making such false statement; still with the money which he could thus obtain without penalty he could readily purchase the property which the law prohibited him from thus obtaining. In our opinion the case of Pirie v. Chicago Title & Trust Co., 182 U. S.·438, 21 Sup. Ct. 906, 45 L. Ed. 1171, settles the°question. There the point was made "that a transfer of any of his [the bankrupt's] property" was limited in meaning to a transfer of any of his property excluding money, and the court held that the phrase included "anything of value, anything which has a debt-paying or debt-securing power; and money is property."

The authority of the court below to consider and determine the motion to set aside the discharge is upheld by the decision in Re Dupee, 2 Low. 18, Fed. Cas. No. 4,183. See, also, Hamlin v. Toledo, St. L. & K. C. R. R. Co., 78 Fed. 664, 24 C. C. A. 271, 36 L. R. A. 826. The question which comes before the court in the present case is one of administration; the proper construction of the amendment of February 5, 1903, authorizing a refusal of the discharge in certain cases. The question was properly presented by a petition for review, and case No. 1,715 will therefore be dismissed.

The judgment is reversed, and the case remanded, with directions to set aside the discharge and for further proceedings not inconsistent with this opinion.