### In re WALSH.

(District Court, N. D. New York. May 11, 1914.)

1. BANKRUPTCY (§ 417*)—DISCHARGE—REVOCATION—GROUNDS—JURISDICTION.
   Bankr. Act July 1, 1898, c. 541, § 15, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), provides that the judge, on application of the parties in interest who have not been guilty of undue laches, filed at any time before a year after 'the bankrupt's discharge, may revoke it on a trial, if it shall be made to appear that it was obtained through the bankrupt's fraud, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant a discharge. *Held*, that a bankruptcy court has no power to revoke a discharge on the ground that a creditor did not receive notice of the hearing of the application for the discharge, which was duly mailed.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 867–871; Dec. Dig. § 417.*]

2. BANKRUPTCY (§ 417*) — DISCHARGE — VACATION — OBJECTING CREDITOR — PROOF OF CLAIM.
   A creditor's right to apply to vacate a bankrupt's discharge is not affected by the creditor's failure to file proof of its scheduled claim.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 867–871; Dec. Dig. § 417.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. BANKRUPTCY (§ 417*)—DISCHARGE—VACATION—MOVING PAPERS.**

    Moving papers on an application to set aside a bankrupt's discharge should set out facts which, if proved, would require a denial of the discharge, and show that the creditor has sufficient proof, or reasonable proof which would be prima facie sufficient, to require a denial of the application for discharge.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 867–871; Dec. Dig. § 417.*]

In Bankruptcy. In the matter of bankruptcy proceedings against Mary H. Walsh, bankrupt. On motion of the City Bank of Syracuse to open and vacate an order granting a discharge to the bankrupt and revoking a discharge, on the ground that the bank did not receive notice of the application therefor. Denied.

Newell, Chapman & Newell, of Syracuse, N. Y., for petitioner.
Frank J. Cregg, of Syracuse, N. Y., for bankrupt.

RAY, District Judge. [1] Section 15 of the Bankruptcy Act provides:

"Sec. 15. Discharges, When Revoked. (a) The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge."

If a false affidavit should be presented to the court to the effect that notice had been given by mail to all creditors, when in fact such notice had not been given, even though the notice had been published, this court would unhesitatingly revoke the discharge.

Here the City National Bank presents affidavits to the effect that certain of its employés were watching for a notice through the mails, but did not receive one. The failure to find the notice in the mail and read it may have been due to oversight or neglect on the part of these employés. The bankrupt, through her attorney, presents the affidavits of three persons to the effect that they were paying particular attention to the mailing of these notices, and these three persons give in great detail the mode pursued and the things done in mailing the notices of the application for the discharge of this bankrupt.

I cannot find from the affidavits presented that the attorney for the bankrupt failed to mail the notice. It is beyond all question that the notice was duly published in an official paper in the city of Syracuse, where all the parties reside. The failure to deliver the notice through the mails to the City Bank may have been due to some neglect or wrongdoing on the part of the postmaster or some employé or mail carrier. The duty imposed on the bankrupt is to mail the notice, or serve it personally, and also publish it. I do not think the court has power to revoke a discharge on the ground that a creditor did not receive his notice, which was duly mailed.

[2] It was stated on the argument that the City Bank, although knowing of the bankruptcy proceeding, and although its claim was duly

scheduled, failed to file its proof of claim. I do not see that this has any particular bearing in this case. In view of In re Downing (D. C.) 199 Fed. 329, and In re Griffin (D. C.) 154 Fed. 537, 19 Am. Bankr. Rep. 78, I think this application must be denied, and that grounds for revoking the discharge are not shown.

[3] The moving papers do not present proposed specifications of objection to the bankrupt's discharge. Neither do such moving papers set out facts which, if proved, would require a denial of the discharge, and within the cases cited it should appear, before revoking a discharge, that the creditor has sufficient proof or reasonable proof and prima facie sufficient to require a denial of the application for a discharge.

Motion denied.