### In re APPLEGATE.

#### Ex parte J. M. MINUGH CO.

#### (District Court, S. D. New York. July 20, 1916.)

BANKRUPTCY ☞417(2)—DISCHARGE—VACATION.

> Where creditors fail to file specifications against the granting of a discharge within the time limited through mistake, a discharge granted thereafter, the filing of specifications having been denied, may be vacated, and the creditors allowed to file their specifications, despite Bankr. Act July 1, 1898, c. 541, § 15, 30. Stat. 550 (Comp. St. 1913 § 9599), declaring that a discharge may be vacated at any time within a year after it is granted on proof that it was procured through fraud of the bankrupt, though it did not appear that the bankrupt was guilty of any fraud.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 869; Dec. Dig. ☞417(2).]

In Bankruptcy. In the matter of the bankruptcy of John Applegate. Ex parte application by the J. M. Minugh Company to vacate the discharge of the bankrupt and for permission to file specifications. Discharge vacated, and permission to file specifications granted.

This is an application to vacate the discharge of the bankrupt and to be allowed to file specifications, under the following circumstances: The involuntary petition was filed against the bankrupt on the 6th day of October, 1915. On the 15th day of April, 1916, the bankrupt filed his petition for a discharge, which was returnable on the 15th day of May. On that day the creditor filed his notice of appearance and demanded an examination of the bankrupt, and the cause went over for two weeks, until the 29th of May, 1916; the objecting creditor having until the 25th to file his specifications. Some differences arose between the attorney for the bankrupt and the attorney for the objecting creditor as to the examination of the bankrupt, and four stipulations were signed, extending the time to file the specifications until the 19th day of June, 1916. On that day the matter was adjourned over again until the 26th. The attorney for the objecting creditors presented specifications, which the clerk declined to. receive, as there had been no order extending the time. .The discharge was then granted. Immediately thereafter this motion was made to vacate the discharge and to extend the time of the objecting creditor to file his specifications nunc pro tunc.

Tobias A. Keppler, of New York City, for objecting creditor.
Meyer Levy, of New York City, for bankrupt.

LEARNED HAND, District Judge (after stating the facts as above). It would be reasonable in this case to open the default of the objecting creditor, which undoubtedly arose through some misunderstanding between him and the bankrupt's attorney about the time and place when .the bankrupt should appear for his examination. The bankrupt, however, insists that under section 15 this cannot be done. It is quite true that the objecting creditor does not bring himself within section 15. There is no fraud, and, if there were, the fraud was not discovered after the discharge was granted. The bare question is whether this court, once the discharge has been signed, is without power to vacate the same, although there has been a mistake or any other reason of equity why there had never been a trial upon the merits. I do not believe that section 15 means this. The term "revocation" means, I think, a final denial of the discharge, though once granted, not merely to vacate the discharge and leave the matter open for determination. I agree with Remington, § 2811. Indeed, the bankrupt has even been allowed to vacate his own discharge. In re McKee (D. C.) 165 Fed. 269.

I see no reason why this order should not be subject to the same equitable control as any other order of a court of equity, certainly when there has never been any disposal of the cause upon the merits. Judge Ray, in Re Upson (D. C.) 124 Fed. 980, and In re Walsh (D. C.) 213 Fed. 643, seems to have interpreted section 15 as covering a case of this sort, but the distinction suggested in Remington does 'not seem to have been brought to his attention, and until the matter is conclusively determined I prefer what seems to me the more equitable construction.

An order will be granted, vacating the discharge and allowing the specifications as filed on the 26th of June to stand. The same will be referred to the special master.