## In re GOLDENBERG & HALBERT.

(District Court, E. D. Pennsylvania. January 23, 1923.)

No. 7229.

Bankruptcy ⬉417(3)—Court has general equitable power to vacate order granting discharge.

Aside from the statutory power given a court of bankruptcy by Bankruptcy Act, § 15 (Comp. St. § 9599), to revoke a discharge, the court under its general equity powers may vacate an order granting a discharge on seasonable application, where equitable grounds therefor are shown.

In Bankruptcy. In the matter of Goldenberg & Halbert, bankrupts. On motion to dismiss petition to set aside order granting discharge. Motion denied.

Hepburn, Dechert & Norris, of Philadelphia, Pa., for petitioning creditor.

Aarons, Weinstein, Goldman & Stone, of Philadelphia, Pa., for bankrupts.

THOMPSON, District Judge. It appears by the petition of the Textile Banking Company, Inc., in support of the rule, that a petition for discharge of the bankrupts was filed and made returnable April 21, 1922; that thereafter, on May 19, 1922, before the referee, the bankrupt Goldenberg admitted under oath that, on behalf of himself and his copartner, he had issued a false financial statement in writing; that, pending endeavors on the part of the creditors to raise a fund to oppose a discharge of the bankrupts and employ the attorney for the trustee as their attorney, it was verbally agreed between the attorney for the bankrupts and the attorney for the trustee that the time for filing objections to the discharge should be extended to June 19, 1922.

The creditors having failed to raise the necessary funds, the petitioner, on or about June 9, 1922, communicated with its present attorneys requesting them to appear and oppose the discharge. After endeavoring on June 9 to communicate with the attorneys for the bankrupts over the telephone, and being unable to get into telephonic communication, the petitioner's attorneys on June 10 wrote the bankrupts' attorney, notifying him that they represented the petitioner; that they understood from the attorney for the trustee that the petition for discharge would come before the court on Monday, June 19, and that, in all probability, they would appear and present reasons showing why the discharge should not be granted; that this letter addressed to the bankrupts' attorney was duly mailed on June 10, 1922, which was Saturday, and should have been received on Monday, June 12, 1922; that petitioner's attorneys thereupon prepared specifications of objection to the discharge; that, relying on the statements made to its attorneys by the attorney for the trustee, and the further fact that no reply had been received to the letter of June 10, the petition opposing the discharge was held for presentation on June 19, 1922, at 10 o'clock.

On June 17, 1922, a letter was received by the attorneys for the petitioner from the attorney for the bankrupt advising them that the pe-

tition for discharge had been presented to the court on June 16, 1922, and a decree of discharge entered. The rule to show cause having been allowed on June 21, 1922, the bankrupts on July 6, 1922, moved to dismiss the petition for the reason that it fails to set up three essentials of section 15 of the Bankruptcy Act (Comp. St. § 9599) relating to revocation of discharges, namely, that the decree of discharge was obtained through the fraud of the bankrupt; that knowledge of the fraud had come to the petitioner since the granting of the discharge; and specified grounds whereon a discharge should be refused, if objections had been seasonably filed.

It is true that the petition does not contain sufficient averments to come within the provisions of section 15, and, if that section denies the court power to act except as therein provided, the petition must be dismissed. The facts upon which the application is based are such as to appeal to the equitable discretion of the court, if it has jurisdiction to exercise its discretion in the matter. And I think there is sufficient authority for holding that a bankruptcy court has the power incidental to all courts to alter, amend, or set aside its decrees, where the application is seasonably made, upon sufficient grounds, in the furtherance of justice.

A similar application came before the Circuit Court of Appeals of the Sixth Circuit in Re Louisville National Banking Co., 158 Fed. 403, 85 C. C. A. 513, and it was held that, where the attorney for the opposing creditor was unavoidably absent, and had made arrangements with another attorney to represent him at the hearing for discharge, which the latter failed to do, the court had jurisdiction to consider and determine the motion to set aside the discharge, following In re Dupee, Fed. Cas. No. 4,183, in which Judge Lowell reopened a decree of discharge because of the unavoidable absence of counsel for creditors at the hearing. In his opinion Judge Lowell says:

"In this case, a final decree was rendered under section 32 [Bankruptcy Act of 1867], and a certificate thereof was given, and the case in bankruptcy was closed. This would seem to be the termination of jurisdiction which, by section 1, was to last until the close of the proceedings in bankruptcy. Still I think the court must have the same inherent power as all other courts to recall its own decrees, or vary or amend them as justice may require. All the courts claim and exercise this power when it is the only remedy for the party aggrieved."

In the case of In re Applegate (D. C.) 235 Fed. 271, Judge Learned Hand entered an order vacating the discharge because of a misunderstanding between the attorney for the objecting creditor and the bankrupts' attorney about the time and place when the bankrupt should appear for examination, notwithstanding the provisions of section 15 of the Bankruptcy Act. Judge Hand said:

"I see no reason why this order should not be subjected to the same equitable control as any other order of a court of equity, certainly when there has never been any disposal of the cause upon the merits."

In the case of In re Cuthbertson (D. C.) 202 Fed. 266, Judge Elliott, while denying an application to set aside an order of discharge upon the merits, said:

"There is another question suggested, and that is whether or not the court of bankruptcy has general power, like any other court, to amend its decrees in its discretion, in the furtherance of justice, in the absence of any statutory prohibition. I am satisfied the court has this power. In re Dupee, Fed. Cas. No. 4,183; In re Bimberg (D. C.) 121 Fed. 942."

In the Bimberg Case, Judge Holt, of the Southern district of New York, upon an application to vacate an order of discharge, held that a court of bankruptcy has generally power, like any other court, to amend its decrees in its discretion at any time, in the absence of statutory prohibition. In the instant case the application was promptly made, when the apparent mistake or misunderstanding of the attorney for the bankrupt was discovered, and is not subject to the objection that there was a delay of more than a year, the limitation in section 15, nor that the application was not made during the term.

I have no doubt that there is necessarily power in a court of bankruptcy to consider and determine this application to grant relief, where the creditor was deprived of its rights through what was clearly a mistake by which it was misled. If the specifications of objection, properly verified, disclose sufficient grounds for refusing a discharge under section 14b (3), an order will be entered, vacating the discharge, and allowing the specifications to be filed, with an order of reference to a special master.