## RASH v. METZGER.

Circuit Court of Appeals, Third Circuit.
February 28, 1929.

No. 3947.

Harry Fischer, B. A. Illoway, and Harry Felix, all of Philadelphia, Pa., for appellant.

Louis E. Levinthal, Sidney E. Smith, and Levinthal, Schofield & Kraus, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Rash had been adjudged a bankrupt. His schedules showed unsecured claims amounting to $468,526.63 and assets which later were sold for $169.75. In due course he applied for a discharge and on formal proof of notice to creditors it was granted. Metzger, a creditor of Rash and his trustee in bankruptcy, promptly petitioned the court to revoke the discharge on allegations that it was obtained through fraud and without notice to many creditors.

At the hearing it was shown that the addresses of only six of the eighty-one creditors listed in the schedules were given with street numbers,—the addresses of the others being merely by names of cities, as Chicago, Pittsburgh, New York,—and it was proved that neither Metzger as trustee nor his attorneys had received notice of the application and that eighteen listed creditors with claims aggregating $145,706.03 had not received notice. The District Court revoked the order of discharge on a finding that there was no fraud but a lack of notice to creditors arising from the failure of a clerk of the attorney for the bankrupt (who, in accordance with local practice, sent out the notices) to post them with adequate addresses, which were available from other papers in the case as provided in section 58a of the Bankruptcy Act, 11 USCA § 94 (a), such as filed claims; a finding distinguished from that in Re Walsh (D. C.) 213 F. 644.

From the order revoking the discharge the bankrupt has appealed averring that the District Court was without power, in the absence of fraud, to revoke the discharge. This raises the question whether the jurisdiction of a District Court in such a matter is exclusively that conferred by section 15 of the National Bankruptcy Act and is restricted to cases where the discharge has been obtained through fraud, 30 Stat. 550, U. S. Code, title 11, section 33, 11 USCA § 33; or, stated differently, whether a District Court, within the general powers which all courts have over their own judgments, has jurisdiction to vacate an order

of discharge on a valid showing, other than fraud, seasonably made.

That the order of discharge was improperly entered is evident from the provision of the act that all creditors shall have "thirty days' notice of all applications for the discharge of bankrupts," section 58a, and from the court's finding as a fact that notices of the application were not properly addressed and that in consequence a large portion of the creditors, both in number and in amount, did not receive them.

Nevertheless the appellant insists that the jurisdiction of a District Court, sitting in bankruptcy, to set aside a discharge is special and is limited by the act to the one instance of fraud, relying for authority upon text to that effect in Collier on Bankruptcy (13th Ed.) 580, and 7 Corpus Juris, 395, though ignoring text to the contrary in Collier, 578, 579, and 7 Corpus Juris, 394, the former being supported by In re Aasand, 6 A. B. R. (N. S.) 706 (D. C.) 7 F.(2d) 135, and in a measure by In re Cuthbertson (D. C.) 202 F. 266, yet in the same case there is a dictum the other way supported by In re Bimberg (D. C.) 121 F. 942. The appellant further relies upon sundry decisions under section 13 of the act (11 USCA § 31) conferring jurisdiction upon a judge to set aside a composition when procured by fraud as analogous to his jurisdiction to set aside a discharge. In re Rudnick (D. C.) 93 F. 787.

In construing a specific provision of a statute we are not inclined to constructions by analogy to unrelated though similarly phrased provisions. We prefer to adhere to the provision in question and construe its words in the light of the law under which they were written. The law, which is almost universal, is that courts of equity have for a limited time full control over their own doings and when they discover error may, in furtherance of justice, correct it. To hold that this general and indeed essential power of the District Court, administering bankruptcy on principles of equity, was withdrawn by the Congress when it conferred upon the court jurisdiction to set aside a discharge procured through fraud involves an inference which we think is not supported by the act. Such an inference, if sustained, would force a finding that the Congress intended that the District Court, when it had done a wrong through mistake, misinformation or inadvertence, should not correct it and that the inequities or injustice that follow in its train should continue. Subscribing to the reasoning and relying upon the authorities in Re Goldenberg & Halbert (D. C.) 286 F. 292, we hold that the

District Court, sitting in bankruptcy, may under its general equity powers vacate an order granting a discharge where equitable grounds other than fraud are shown in an application seasonably made.

The order of the District Court is affirmed.