## In re MARTIN.

### MARTIN v. CHAPMAN & SMITH et al.
### No. 4163.

Circuit Court of Appeals, Seventh Circuit.
March 12, 1930.

Rehearing Denied March 26, 1930.

Charles W. Stiefel, Jr., of Chicago, Ill., for appellant.

Edward E. Contarsy, of Chicago, Ill., for appellee.

Before EVANS and PAGE, Circuit Judges.

PAGE, Circuit Judge.

This appeal is from an order setting aside a discharge in bankruptcy.

On April 25, 1928, the court fixed June 18, 1928, for hearing on a petition for discharge, and directed that notice to creditors be given. On May 11th, the order permitting the filing of the petition was vacated. On May 17th, a new motion and affidavit were made, asking leave to file a new petition, and on that motion leave was given to file, nunc pro tunc, as of April 17, 1928, a petition for discharge. On June 18th, without any such petition having been filed, and without any new notice to creditors, an order was entered discharging appellant, and also discharging his partner, who had made no application at all. On November 22d, the order of discharge and the order of May 17th were vacated. On March 5, 1929, the order vacating the order of May 17, 1928, was set aside, and motion to vacate the order of discharge was denied.

The order of May 11th, vacating the court's permission to file the petition for discharge, was accepted by appellant as disposing of the whole proceeding upon the application for discharge, and the matter was begun anew on that day by filing the new application and motion, upon which, on May 17th, a new leave was given to file a new petition for discharge.

There seem to be two answers to appellant's contention that the court erred in setting aside the order of discharge: (1) There was no petition before the court, upon which it acted or could act on June 18th; (2) the only notice given to creditors was on the petition, permission to file which was vacated. There was no notice, or order for a notice, made after May 17th. After the court's order, withdrawing permission to file the petition for discharge, there could be no further proceeding upon that petition, and as no other petition was filed, the court was wholly without jurisdiction to grant a discharge on June 18th.

It is urged that the court was without any authority to revoke a discharge, except for the causes set out in section 15 of the Bankruptcy Act (11 USCA § 33). That question was before the court in Rash v. Metzger (3rd C. C. A.) 31 F.(2d) 424, where it was decided contrary to appellant's contention.

The order of the District Court should be, and it is, affirmed.