## In re INGRAO.

District Court, W. D. New York.
May 9, 1930.

Paul Muscarella, of Rochester, N. Y., for bankrupt.

Gano & Berger, of Rochester, N. Y., for creditors.

ADLER, District Judge.

This is a motion made by the bankrupt, Ingrao, to vacate the discharge in bankruptcy granted to him on February 11, 1929. He asks permission to amend the schedules in his bankruptcy proceeding so as to include therein certain deficiency judgments against him in foreclosure proceedings. The bankrupt contends that at the time of the filing of his petition he did not know of these deficiency judgments, and therefore did not advise his attorney who prepared his schedules of their existence. That it was consequently through inadvertence that they were omitted from his schedules at the time they were prepared. The voluntary petition in this matter was filed July 2, 1928, and a discharge was granted to the bankrupt on February 11, 1929. Thereafter and on July 30, 1929, judgment creditors owning one of the deficiency judgments above mentioned issued a garnishee execution against the wages of the bankrupt. The bankrupt and his attorney contend that these judgments were then for the first time brought to their attention. This motion was made within one year from the granting of the discharge.

The only provision in the National Bankruptcy Act for the revoking of a discharge in bankruptcy is in section 15 of the act (11 USCA § 33), which reads as follows:

"*Same; when revoked.*—The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge."

The situation presented on this application cannot be remedied by a resort to this section of the law. This is evident from a reading of the statute and from its interpretation by reported cases.

As the Bankruptcy Law itself makes no provision for the vacating of a discharge in bankruptcy for the purpose of amending the schedules, such a procedure can be had, in a proper case, only by resort to the general equity power of the court. Remington on Bankruptcy, § 3615, suggests a distinction between the power to set aside a discharge upon general grounds of equity and the power to revoke a discharge under section 15 of the Bankruptcy Act (11 USCA § 33). When a discharge is revoked under section 15, that is a result of a trial upon the merits and the case is ended by the denial of the discharge. If, however, the discharge is sought to be vacated under the general equity power of the court, there is then no trial on the question of a right to the discharge, but the case is merely reopened for the purpose of permitting a later trial of that issue. This distinction between revoking a discharge under section 15 of the act and vacating a discharge under the equity power of the court which is suggested by Remington was recognized in this circuit in Re Isidor Klein, Inc., 22 F.(2d) 906, 909. This case had to do with the setting aside of the confirmation of a composition, but the court in its opinion uses the following language: "A similar problem exists with respect to setting aside a discharge (section 15; 11 USCA § 33); and in fairness to Mr. Remington it should be noted that further support for his view can be found in several cases involving the setting aside of discharges. See Remington, op. cit. § 3615."

It seems to be well settled that courts of bankruptcy possess a general equity power to set aside discharges if they have been obtained by mistake, surprise, or excusable neglect. In re Goldenberg & Halbert (D. C.) 286 F. 292; In re Applegate (D. C.) 235 F. 271; In re Louisville Nat. Banking Co. (C. C. A. 6) 158 F. 403.

In Rash v. Metzger, 31 F.(2d) 424, 425 (C. C. 3d Circuit), the court in discussing this general equity power uses the following

948

language: "The law, which is almost universal, is that courts of equity have for a limited time full control over their own doings and when they discover error may, in furtherance of justice, correct it. To hold that this general and indeed essential power of the District Court, administering bankruptcy on principles of equity, was withdrawn by the Congress when it conferred upon the court jurisdiction to set aside a discharge procured through fraud involves an inference which we think is not supported by the act. Such an inference, if sustained, would force a finding that the Congress intended that the District Court, when it had done a wrong through mistake, misinformation or inadvertence, should not correct it and that the inequities or injustice that follow in its train should continue."

This case is cited with approval in the very recent case of In re Martin in the Seventh Circuit, reported in 38 F.(2d) 629, in which the language of the court is as follows: "It is urged that the court was without any authority to revoke a discharge, except for the causes set out in section 15 of the Bankruptcy Act (11 USCA 33). That question was before the court in Rash v. Metzger (3rd C. C. A.) 31 F.(2d) 424, where it was decided contrary to appellant's contention."

An article favoring this view and discussing the authorities was published in 17 Georgetown Law Journal, at page 346.

■ There is no evidence that the failure of the bankrupt to include in his schedules the omitted judgments was due to fraud or to any cause from which he could be expected to profit, nor is it so contended on the part of the creditor who opposes this application. The omission of the judgments from the schedules was a mistake due in this case to misinformation or ignorance as to the facts and the law on the part of the bankrupt, and his consequent failure to communicate the real facts to his attorney. The bankrupt is entitled to the benefits of the Bankruptcy Act in the absence of fraud or intentional laches. The court in administering the bankruptcy law on principles of equity should correct such mistakes as are made which can be corrected without injury to the parties as their relations existed at the time the petition in bankruptcy was filed.

■ I find that in a case such as this, in which the court may exercise its general equity power to set aside a discharge, the discharge may be vacated at the request of the bankrupt himself. In re McKee (D. C.) 165 F. 269; In re Adams (D. C.) 242 F. 335.

■ A decree may be entered vacating the discharge in bankruptcy for the purpose of amending the petition by including in the schedules the judgments entered against the bankrupt prior to the filing of the original petition.