### GRZENIA v. LUCIUS et al.
No. 4998.

Circuit Court of Appeals, Seventh Circuit.
July 27, 1933.

Samuel Wodika, of Chicago, Ill., for appellant.

Edward B. Lucius and Philip H. Newman, both of Chicago, Ill., for appellees Lucius and others.

Julius H. Quasser, of Chicago, Ill. (Harold V. Snyder, of Chicago, Ill., of counsel), for appellee Chicago Title & Trust Co.

Before ALSCHULER and EVANS, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge.

The single question raised on this appeal involves the construction of the amendment to the Bankruptcy Act, which became effective March 3, 1933 (11 USCA § 201 and note et seq.).

Appellant was adjudged a bankrupt August 24, 1932. An order was entered January 9, 1933, discharging him from his debts. The administration of his estate was not closed when the amendment was enacted March 3, 1933. On April 11, 1933, he petitioned the court to vacate the order discharging him of his debts and also prayed for relief allowable under the amendment. The District Court fully and fairly stated the facts in its findings and conclusions, which are before us, and the same are set forth in the margin.[1] The pendency of many cases involving the same question calls for an immediate disposition of the appeal.

Appellees contend that the amendment may not be invoked to help one who voluntarily was adjudged a bankrupt and who had sought and secured a discharge before its enactment.

Appellant, on the other hand, argues that the provision of the amendment which reads (section 2, Act of March 3, 1933, c. 204 [11 USCA § 201 note]), "Proceedings under this Act may be taken in proceedings in bankruptcy which are pending on the effective date of this Act," applies to him. In other words, inasmuch as the administration of his bankrupt estate was still pending when the Act of March 3, 1933, was passed, he should be permitted to avail himself of its provisions notwithstanding he had, prior to its passage, proceeded on a different and somewhat inconsistent course.

Considering the remedial character of the legislation and the comprehensiveness of the above-quoted words, we are left in little doubt as to its construction.

Certainly, Congress intended by this amendment to provide for the more effective and satisfactory administration of the estate of an insolvent debtor or of a debtor who, having property, was nevertheless unable to meet his obligations as they matured, than was possible under the act before it was amended. In view of the purpose, it was both natural and logical for Congress to make available the remedies which the new act provided, to those who had begun, and against whom there had been begun, bankruptcy proceedings before March 3, 1933, but whose estates were still being administered in the courts of bankruptcy. To limit the language to instances where involuntary petitions had been filed in bankruptcy but wherein no adjudication had occurred would not only largely nullify its effect but would be contrary to the wording of the above-quoted provision and violative of the purpose of the legislation.

That the District Court sitting in bankruptcy may, under its general equity power, vacate an order discharging the bankrupt of his debts, because of an equitable ground other than fraud, shown in an application sea-

[1] "Findings of Fact.

"The Court finds that in this cause a petition in bankruptcy was filed on the 18th day of August, 1932; that an order of adjudication was entered therein on the 24th day of August, 1932; that thereafter, on, to-wit, the 9th day of November, 1932, bankrupt filed a petition for an order of discharge, and after due notice to all of his creditors, as required by the Bankruptcy Act, as amended, an order was entered on January 9th, 1933, discharging said bankrupt from his debts and claims which are made provable by said Acts against his estate, excepting such debts as are by law excused from the operation of a discharge in bankruptcy;

"That thereafter, and on, to-wit, the 11th day of April, 1933, the bankrupt herein filed his petitions (1) praying for the entry of an order to vacate and set aside said order of discharge entered on the 9th day of January, 1933, and (2) for an order that his certain petition is properly filed under Section 74, of the Bankruptcy Act, as amended, March 3, 1933 [11 USCA § 202]; * * * for an order calling a meeting of all of the creditors of said Charles T. Grzenia, for the purpose of permitting him, the said Charles T. Grzenia, to offer terms of extension; for a further order of this Court, after the holding of such meeting, fixing a reasonable time within which the said Charles T. Grzenia's application for confirmation of an extension may be made in accordance with the Bankruptcy Act, as amended, March 3, 1933; * * *.

"Conclusions of Law.

"The Court finds that it is without jurisdiction to grant the prayers of the petitions of the bankrupt on the ground that they do not come within Section 74, of the Bankruptcy Act, as amended, March 3, 1933, and that therefore the prayers of said petitions should be denied."

sonably made, is well established. Rash v. Metzger (C. C. A.) 31 F.(2d) 424; In re Ingrao (D. C.) 40 F.(2d) 946; In re Martin (C. C. A.) 38 F.(2d) 629. Appellant's application for a vacation of the order of his discharge was evidently by him deemed a step necessary to the enjoyment of the relief he sought under the 1933 amendment.

Whether he will be able to make the necessary fact showing to entitle him to the relief sought is a matter which must be determined by the court or referee, if reference be had. We are not passing upon the merits of the appellant's petition, but merely holding that under the amendment of March 3, 1933, one whose estate is then being administered in bankruptcy may, if the facts warrant it, seek and secure the relief provided for by said amendment, and that the District Court has jurisdiction of the matter.

The orders appealed from are reversed and the cause is remanded to the District Court with direction to hear and determine the petitions on the merits.