## In re CAROBINE.

District Court, S. D. New York.

May 21, 1934.

No. 58,384.

Max Epstein, of New York City, for bankrupt.

David Harrison, of New York City, for petitioner Globe Indemnity Co.

PATTERSON, District Judge.

On May 9, 1934, the bankrupt obtained a discharge in due course on notice of application mailed to creditors. On May 14, 1934, the Globe Indemnity Company, one of the creditors scheduled by him, moved to set aside the discharge so as to permit it to file specifications in opposition to discharge. It claims that no notice of the application was received. The moving papers tend to show that the creditor knew of the bankruptcy and participated in the proceedings; that it was listed as a creditor at a former place of business, 60 John street, whereas its more recent address is 150 William street; and that no notice was received of the pendency of the application for discharge. On the other hand, there is the usual affidavit of the mailing of notice by the referee's office to all creditors.

So far as the provisions of the Bankruptcy Act go, the court is empowered to disturb a discharge on one ground only, and that is the power to revoke it for fraud in the procurement of it. Bankr. Act § 15, 11 USCA § 33. Here no fraud is charged. It has been held or intimated in a number of cases that, in addition to the express power given by the act to revoke discharges for fraud, the court has an inherent power to vacate and set aside discharges in the general interests of justice, for mistake, excusable neglect, or other equitable grounds. In re Louisville National Banking Co., 158 F. 403 (C. C. A. 6); In re Applegate, 235 F. 271 (D. C. N. Y.); In re Goldenberg & Halbert, 286 F. 292 (D. C. Pa.); Rash v. Metzger, 31 F.(2d) 424 (C. C. A. 3); In re Martin, 38 F.(2d) 629 (C. C. A. 7); In re Ingrao, 40 F.(2d) 946 (D. C. N. Y.). See, also, In re Bimberg, 121 F. 942 (D. C. N. Y.); In re Cuthbertson, 202 F. 266 (D. C. S. D.); Remington on Bankruptcy, § 3615. On the other side, there is an able opinion by Judge Amidon, in which the existence of any such inherent power is denied. In re Aasand, 7 F.(2d) 135 (D. C. N. D.). And the Circuit Court of Appeals of this circuit has held that in the analogous case of compositions there is no general or inherent

606

power to set aside orders of confirmation; the only power to vacate compositions being that derived from section 13 of the act. In re Isidor Klein, Inc., 22 F.(2d) 906 (C. C. A. 2). The extent of the power over discharges, however, was expressly left open in the Klein Case. The authorities are thus in an unsatisfactory condition, at least in this district.

But the point is not squarely raised in this case. Even if the general power to set aside discharges gained on default exists, no occasion for its exercise is presented here. That a notice to the Globe Indemnity Company was mailed must be granted, and the discrepancy in address would hardly have caused the notice to miscarry in the mails. The address used was the former address. The present address is only two or three blocks distant, and the Globe Indemnity Company is a large and well-known concern. The most natural inference is that the notice was mislaid after it reached the creditor's office. In re Downing, 199 F. 329 (D. C. N. Y.). Moreover, the creditor has not indicated in its motion papers that there is any merit in the specifications which it may interpose if the discharge is set aside. To open up a discharge already granted on a mere showing that a notice concededly mailed had not come to a creditor's attention would in my opinion lead to confusion and insecurity, and would take from discharges in bankruptcy the element of finality which in the vast majority of cases they deservedly enjoy.

The motion to vacate the discharge will therefore be denied.