## SHERMAN & SON et al. v. CORIN.
### No. 2932.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1934.

Celia D. Raphael, of Boston, Mass., for appellants.

Solomon Mondlick, of Boston, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a petition by seven creditors of the bankrupt, under Bankr. Act § 24b, as amended May 27, 1926 (11 USCA § 47 (b), for leave to appeal to this court from an order of the District Court for Massachusetts of June 4, 1934, denying their petition for leave to file objections to discharge and specifications late.

It appears that on January 30, 1933, Hyman Corin was adjudicated a bankrupt upon an involuntary petition in bankruptcy; that on June 15, 1933, the bankrupt filed a petition for discharge; that, according to the record of the clerk's office of the District Court, notices of the bankrupt's application for discharge, returnable July 31, 1933, were prop-

erly and duly mailed on June 15, 1933, to all creditors of record in compliance with section 58a (11 USCA § 94 (a) ; that the creditors herein petitioning were all creditors of record; that they deny receiving the notices so mailed by the clerk and allege that the first time they learned that the bankrupt had filed a petition for discharge was on May 16, 1934. They also allege that they have objections to the bankrupt's discharge and that, if they had received notice of the petition for discharge, would have seasonably filed objections and specifications thereto; that immediately upon learning of the filing of the petition for discharge they filed a petition for leave to file objections to the discharge and specifications late; and that after hearing on their petition for leave to file objections to the discharge and specifications late, the District Court, without finding whether the notices were or were not received by the petitioning creditors, ruled, as a matter of law, that it had no power to extend the time limit beyond the period fixed in General Orders, 32, as amended, which amendment became effective April 24, 1933 (11 USCA § 53).

Before General Order 32 was amended on April 24, 1933, it read:

"A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the ground of his opposition within ten days thereafter, *unless the time shall be enlarged by special order of the judge.*" (11 USCA § 53).

After the amendment it read:

"A creditor opposing an application for discharge, or for the confirmation of a composition or extension proposal, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall at the same time file a specification in writing of the grounds of his opposition."

The District Court having denied the application of the creditors for extension of time in which to appear and file specifications of objection as a matter of law and not in its discretion, the question is whether it was without power to extend the time.

This question has recently been before the Circuit Court of Appeals for the Second Circuit, and that court in August, 1934, in Re William Reichert and Paul Kollmar, Bankrupts, Lawyers County Trust Company, Appellant, 73 F.(2d) 56, held that since the amendment of General Order 32 (11 USCA § 53) the District Judge had no power to enlarge the time for filing specifications of objection. In discussing the situation as brought about by the amendment the court said:

"The change was, of course, deliberate and appears to us to be highly significant. Before, the judge had the express power to shorten or enlarge the time for filing specifications of objection, but by the amendment, all such power was withdrawn. Indeed, the sole purpose of the amendment, aside from including an extension proposal within its coverage, seems to have been to do away with this express power and more strictly limit the opportunity to create delays in administration even at the expense of some flexibility. Unless this is so, the amendment merely made the day when creditors are required to show cause the rule day for filing specifications of objections instead of the ten-day period immediately following, and left the actual time after the return day still wholly in the sound discretion of the judge. This view of the amendment requires a reading in by construction of all of the final clause of the order which was omitted by the amendment except the words 'shortened or,' and we can reach no other conclusion than that, if it had been the purpose to leave such power in the judge, the language by which it had before been expressly conferred would not have been omitted.

"So we think the filing of specifications of objection on the day when creditors are required to show cause is an absolute condition upon their right to oppose a discharge unless the judge may enlarge the time under the power conferred by General Order 37 (11 USCA § 53). Under that ' * * * the judge may, by special order in any case, vary the time allowed for return of process, for appearance and pleading. * * *' That the specifications of objections must be considered a part of the pleadings is evident. Yet we do not think such specifications can properly be classed with pleadings generally and the time for filing varied in the discretion of the judge because for many years they have for this purpose been especially dealt with in General Order 32 [11 USCA § 53] and still are. That order has the force of a specific statute relating to its subject-matter, Wilkinson v. Walker (D. C.) 292 F. 395, and must, under familiar rules of construction, take precedence over general legislation which might otherwise control. The change was

merely one of procedure and not of any substantive provisions of the law and so clearly within the power of the Supreme Court. Cases construing the order before amendment are not now helpful, since the very purpose of the amendment was to work a change in the procedure upheld in those decisions."

■■ While we are not bound to follow the decision of another circuit, it is the rule in this circuit that we will do so when the question decided involves the construction of a federal statute, unless we are of the opinion that it is clearly wrong. General Order 32 has the force of a specific statute, and the decision of the question by the Court of Appeals in the Second Circuit being manifestly not clearly wrong, we follow it.

■ While we regard the decision in Re William Reichert and Paul Kollmar in the Second Circuit as a correct interpretation of General Order 32 as amended (11 USCA § 53), we think the petitioning creditors have mistaken their remedy in appealing from the order denying their application for leave to file specifications of objection late; that their remedy was to petition the District Court to set aside the order directing that a hearing be had on the bankrupt's petition for discharge July 31, 1933; and that the clerk send by mail to all known creditors copies of said petition, and to ask that a new order be made on said petition fixing a day for hearing and directing notice thereof to be given to all known creditors as prescribed by Form No. 57 of the Forms in Bankruptcy (11 USCA § 53).

■■ Had a discharge been granted, the District Court could, under its general equity power, vacate the order on a seasonable application where equitable grounds therefor were shown. Rash v. Metzger (C. C. A.) 31 F.(2d) 424; In re Martin (C. C. A.) 38 F. (2d) 629; In re Goldenberg & Halbert (D. C.) 286 F. 292. And we think it would be warranted in so doing where it appeared that justice demanded it on the ground that creditors of the bankrupt had received no notice of the hearing and no opportunity to file appearances and specifications of objection. If the court has power to vacate a discharge on the ground that it would be equitable, no notice having been received by creditors of an application for discharge, it must have power to vacate an order fixing a return day and ordering notices thereof, and to fix a new return day and order notice to be given.

Leave for appeal is granted; the order of the District Court is affirmed.