## In re POPE.

### No. 67860.

United States District Court,
N. D. Ohio, E. D.

Nov. 28, 1951.

504

Maurice W. Wendling, Canton, Ohio, trustee.

Edgar W. Jones, Canton, Ohio, for trustee.

W. E. Himebaugh, Canton, Ohio, for bankrupt.

Wm. S. Georges, Canton, Ohio, for Wm. O. Bricker, a creditor.

McNAMEE, District Judge.

This Petition for Review presents the question whether the Referee erred in overruling petitioner's motion to vacate the discharge of the bankrupt.

Bankrupt filed a voluntary petition and was duly adjudicated bankrupt. In the schedule of unsecured creditors filed with the petition the bankrupt listed William O. Bricker, 812 Washington Avenue, Canton, Ohio. The correct address of the petitioner is 812 Washington Avenue, Louisville, Ohio, where he has resided for the past fourteen years. Louisville, Ohio is a small city located near Canton, Ohio. Petitioner, however, received notice of the filing of the petition at his residence in Louisville, Ohio and attended the first meeting of creditors. At this meeting the bankrupt was examined by counsel for petitioner.

Pursuant to Section 58, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 94, sub. b, the Referee on March 19, 1951 mailed to all creditors the thirty-day notice fixing April 18, 1951 as the last day for filing objections to the bankrupt's discharge. This notice was mailed to petitioner at 812 Washington Avenue, Canton, Ohio. It was returned to the Referee marked "Return to writer—for better address." An order discharging the bankrupt was entered on April 19, 1951. The petitioner received no notice, by mail or otherwise, nor did he have actual knowledge of the time fixed for the filing of objections to the discharge. It appears also that the Trustee did not receive notice of the last day for filing objections to the discharge. The Trustee, however, does not join in the motion to vacate nor otherwise indicate any objection to the validity of the discharge.

On or about August 6, 1951 petitioner learned that the discharge had been granted, and on August 15, 1951 he filed his motion to vacate the discharge, on the following grounds: "For the reason that no notice of the time for filing objections to the discharge and of the hearing thereon was sent to William O. Bricker, nor was it sent to the Trustee; and for the further reason that the claim of this creditor was not properly scheduled as required by law."

Holding that Section 15 of the Bankruptcy Act, 11 U.S.C.A. § 33, provides the exclusive ground for revocation of the discharge, the Referee denied petitioner's motion to vacate. The Referee's action in this regard is assigned as error.

Section 15 of the Bankruptcy Act provides: "Section 15. *Discharges, when revoked.* The court may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge."

It is well settled that Section 15 does not provide the exclusive grounds for vacating a discharge. As stated in Rash v. Metzger, 3 Cir., 31 F.2d 424, 426: "District Court, sitting in bankruptcy, may under its general equity powers vacate an order granting a discharge where equitable grounds other than fraud are shown in an application seasonably made."

See, also, Vol. 8, Corpus Juris Secundum, Bankruptcy, § 556, pages 1487–1488; Sherman & Son v. Corin, 1 Cir., 73 F.2d 468; Grzenia v. Lucius, 7 Cir., 66 F.2d 349;

In re Goldenberg & Halbert, D.C., 286 F. 292.

In Rash v. Metzger, supra, the opinion states that: "* * * it was shown that the addresses of only six of the eighty-one creditors listed in the schedules were given with street numbers,—the addresses of the others being merely by names of cities, as Chicago, Pittsburgh, New York, —and it was proved that neither Metzger as trustee nor his attorneys had received notice of the application and that eighteen listed creditors with claims aggregating $145,706.03 had not received notice."

██ It is also well settled that the mailing of notice · to creditors of the bankrupt's application for a discharge is a jurisdictional prerequisite to the validity of the discharge. It was held in Re Stilwell, 2 Cir., 120 F.2d 194, and in John B. Ellison & Sons v. Weintrob, 4 Cir., 272 F. 466, that a failure to mail the prescribed notice to creditors warranted a vacation of the discharge on the ground that the court was without jurisdiction to grant it. The last cited cases were decided under the law as it existed prior to the 1938 amendment to the Bankruptcy Act, but it may be assumed that the changes effected by the amendment do not vitiate the principle upon which these decisions rest.

 Thus it appears under the authorities that in addition to the ground of fraud specified in Section 15, a court, upon a proper showing and in furtherance of justice may vacate a discharge and that a discharge will be set aside where there has been a failure of compliance with the jurisdictional requirement of mailing notice to all creditors as provided in Section 58, sub. b. But no case has been cited or found in which a motion to vacate a discharge has been granted on the sole ground that a single creditor has not received the notice which has been duly mailed to all the creditors.* In the reported cases which deal with the question the courts have uniformly declared that in order to be entitled to a vacation of a discharge on the ground that he has not received a notice duly mailed to all the creditors, a single creditor

must present specifications of objections which, if sustained, would warrant a denial of the discharge. In Re Walsh, D.C., 213 F. 643, 644, District Judge Ray said: "I do not think the court has power to revoke a discharge on the ground that a creditor did not receive his notice which was duly mailed."

In the concluding paragraph of the opinion in the Walsh case, the court said: "The moving papers do not present proposed specifications of objection to the bankrupt's discharge. Neither do such moving papers set out facts which, if proved, would require a denial of the discharge, and within the cases cited it should appear, before revoking a discharge, that the creditor has sufficient proof or reasonable proof and prima facie sufficient to require a denial of the application for a discharge."

In Re Knepper, D.C., 12 F.Supp. 989, 992, District Judge Cooper made the following statement: "The weight of authority is that the failure of one creditor out of many to receive the notice, if the affidavit of Boden could be so construed, does not warrant the court in vacating the discharge."

A particularly apt statement of the governing principle in such cases is to be found in Re Carobine, D.C., 8 F.Supp. 605, 606, by Judge Patterson, who said: "To open up a discharge already granted on a mere showing that a notice concededly mailed had not come to a creditor's attention would in my opinion lead to confusion and insecurity, and would take from discharges in bankruptcy the element of finality which in the vast majority of cases they deservedly enjoy."

██ In the instant case petitioner has specified no objection to the discharge other than absence of notice to him. This is not sufficient. In the absence of a jurisdictional defect fatal to the validity of the discharge, the equity powers of this court cannot be invoked except upon a prima facie showing that the discharge was erroneously granted.

██ Petitioner also asserts in his motion that "the claim of this creditor was

not properly scheduled as required by law." This is not a ground for a vacation of the discharge. As stated in Collier on Bankruptcy, Vol. 1, pp. 1639–1640, 14th Ed.: "Where the creditor seeks to avoid the operation of a discharge on the ground that his claim was not 'duly scheduled' he does not make a collateral attack, or in fact any attack, upon the discharge, but seeks merely to bring himself within the terms of Section 17(a) for the purpose of showing that his claim is not affected by the discharge."

There is not presented in this review the question whether the bankrupt's debt to the petitioner is immune from the bar of the discharge. Petitioner is correct in his contention that Section 15 does not provide the exclusive remedy for vacating a discharge improperly granted. But it is clear that the facts disclosed by the record do not warrant the vacation of the discharge upon equitable grounds.

The decision of the Referee is affirmed.