### In re John Gerald BOISSONNAULT, Bankrupt.

#### No. 7346.

United States Court of Appeals
First Circuit.

Oct. 6, 1969.

Henry N. Berry, III, Cape Elizabeth, Me., for appellant.

T. A. Fitanides, Biddeford, Me., for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In 1965 appellant filed a petition in bankruptcy in the Maine District Court, listing appellees as creditors. Upon appellees' contesting the dischargeability of their claims, appellant failed to appear and the petition was denied for want of prosecution. In 1967 appellant filed a second petition, again listing appellees, whose debts remained unpaid. Because they had been listed in the previous petition as to which a discharge had been denied, these debts were not dischargeable in the second proceeding. Freshman v. Atkins, 1925, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Colwell v. Epstein, 1 Cir., 1944, 142 F.2d 138, 156 A.L.R. 836; In re Summer, 2 Cir., 1939, 107 F.2d 396. To file a second petition relisting these debts has been called an abuse of process. Freshman v. Atkins, *supra*, at 124, 46 S.Ct. 41. Appellees nonetheless filed no objection to the second petition. Their counsel did, however, discuss with the referee whether they should appear. He was told that

no appearance was necessary and that the effect of the prior refusal of a discharge should be raised, if relevant, in a state court proceeding.[1] Appellees accordingly did nothing. A discharge was granted in August 1967.

The following month, in connection with a suit brought against appellant in the state court by appellees to collect their debts, that court informed appellees that it would not go behind the August discharge and look at the 1965 proceedings. The court was correct. Bluthenthal v. Jones, 1908, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390; 1 Collier on Bankruptcy ¶¶ 14.62 n. 9, 15.02, 15.03 (14th ed. 1969). The repose of the judgment granting discharge is, of course, subject to the power of the bankruptcy court to revoke or modify, but the discharge cannot be collaterally attacked. Shortly thereafter the district court, on petition, reopened the proceedings and the referee modified the discharge so that it expressly excluded appellant's claimed obligations to one of the appellees. Later, he excluded the debt of the second appellee. The district court affirmed, and this appeal followed.

Appellant's contention that there was no power to modify the discharge is not well taken. It may be that appellees invoked the wrong section when they purported to base their petitions on section 2(a) (8) of the Act, 11 U.S.C. § 11(a) (8). Very possibly the authorization to "reopen estates for cause shown" afforded by this section refers to reconsideration of matters pertaining to the administration, liquidation, and distribution of the debtor's assets, see, e.g., Tuffy v. Nichols, 2 Cir., 1941, 120 F.2d 906; In re United Brick & Tile Co., D.Del., 1950, 94 F.Supp. 269, and not to the discharge. We need not decide this question, for the court had ample power to modify the discharge quite apart from this section.[2]

---

1. There is an indication in the record that the referee told this to appellant's counsel as well. If he did, a question of estoppel might arise. We do not reach this question.

2. Prior to 1938 section 2(a) (8) was in a more restrictive form, authorizing estates to be reopened only when "it appears they

In stating broadly that there is no "provision of the Bankruptcy Act authorizing amendment of a discharge," appellant makes no mention of section 2(a) (12), 11 U.S.C. § 11(a) (12), which in terms authorizes the court to " * * * set aside discharges and reinstate the cases," or of section 15, 11 U.S.C. § 33, or of section 38(4), 11 U.S.C. § 66(4).

 We have two questions. The first is whether a discharge cannot be set aside unless the provisions of section 15 [3] are met. We consider the better view to be that this section is not a limiting provision. Rash v. Metzger, 3 Cir., 1929, 31 F.2d 424; see In re Pope, N.D.Ohio, 1951, 101 F.Supp. 503. Cf. In re Seiden, 2 Cir., 1949, 174 F.2d 586. Contra, In re Aasand, D.N.D., 1925, 7 F.2d 135.[4] A discharge is a judgment, and by equitable principles there should be various grounds on which, by proper application, a party may be relieved. Cf. May v. Fidelity & Deposit Co. of Maryland, 10 Cir., 1961, 292 F.2d 259; Harris v. Warshawsky, 2 Cir., 1950, 184 F.2d 660.[5] Indeed, some courts have held that in the peculiar situation of the bankrupt's obtaining a discharge of a debt to which, because of prior proceedings, he had no right, revision could be had for the asking. In re Seiden, supra; In re Finkelstein, E.D.N.Y., 1945, 62 F.Supp. 1015. We need not go that far. At least where there has been no prejudice to the bankrupt and timely application is made, we believe a creditor who has been innocently misled by the referee should be entitled to a correction.

Affirmed.

were closed before being fully administered." Bankruptcy Act of 1898, 30 Stat. 544, 546; 1 Collier on Bankrupcty, supra, ¶ 2.47. During this period, courts set aside discharges in the exercise of their general equitable powers without reference to section 2(a) (8). See, e. g., Rash v. Metzger, 3 Cir., 1929, 31 F.2d 424; In re Applegate, S.D.N.Y., 1916, 235 F. 271. (L. Hand, J.).

3. "The court may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge."

4. Compare Ginsberg v. Thomas, 10 Cir., 1948, 170 F.2d 1, where the court accepted the one year limitation of section 15, and indicated it might accept the fraud restriction as well.

5. We cite this case without indicating agreement or disagreement with the court's views on laches. In the case at bar there was no laches.