### In re MEYERS.

(District Court, S. D. New York. April 12, 1900.)

1. BANKRUPTCY—REVOCATION OF DISCHARGE.

Under Bankr. Act 1898, § 15, providing that a discharge in bankruptcy may be revoked "if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge," it is cause for revoking a discharge that the bankrupt had considerable property at the time of his bankruptcy and of his application for discharge, and concealed the same, showing no assets on his verified schedule, and swearing that he had surrendered all his property and had fully complied with all the requirements of the act, when the creditors, without laches, did not learn the facts until after the discharge was granted, and their petition is filed in due time.

2. SAME—REFERENCE OF PETITION TO REFEREE.

When a petition for the revocation of a discharge in bankruptcy makes out a prima facie case, and is filed in due time by competent parties, it will be referred to the referee as special commissioner to ascertain and report upon the facts alleged in the petition, upon due notice to the bankrupt, and upon hearing such evidence as may be offered by the parties.

In Bankruptcy.

Black, Olcott, Gruber & Bonynge, for petitioners.
Weed, Henry & Meyers and S. F. Kneeland, opposed.

BROWN, District Judge. This is a petition by certain creditors of Abraham Meyers for the revocation of his discharge, obtained on March 1, 1899. Section 15, Bankr. Act, provides that a discharge may be revoked upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt; that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge;

provided the application be made within a year thereafter by parties who have not been guilty of undue laches.

This application is made within the year. It is based upon the testimony of the bankrupt in subsequent proceedings, tending to show that he had considerable property at the time of his bankruptcy and application for discharge, which was concealed. His verified schedules stated no assets, and therefore no trustee was appointed. If the facts indicated in the petition are true, the discharge should not have been granted. The same facts would also show that his discharge was procured through fraud; since in his petition he made oath that he had wholly surrendered all his property and rights of property and had fully complied with all the requirements of the act. The knowledge of the facts stated having been first acquired by the petitioning creditors long after the discharge and no evidence of laches in not obtaining knowledge of these facts earlier being attributable to them, I think they are entitled to a hearing upon the question whether the discharge should not be revoked. A reference should, therefore, be ordered to the referee as special commissioner to ascertain and report upon the facts alleged in the petition, upon due notice to the bankrupt, and to take such evidence as may be offered by the parties.