In re McKEE et al.

(District Court, E. D. New York. November 23, 1908.)

BANKRUPTCY (§ 417*)—RIGHTS OF BANKRUPT—SETTING ASIDE DISCHARGE.

Members of a partnership were adjudged bankrupts on a voluntary petition and obtained a discharge, having scheduled no assets. At the time of the adjudication an action on promissory notes was pending against them in a state court, in which they had pleaded a counterclaim, but through inadvertence or mistake neither the notes nor counterclaim were scheduled. *Held*, that on their application, made before the expiration of the time for filing claims, the bankrupts were entitled to have the discharge set aside and to amend their schedules, by including both the creditors' claim and their counterclaim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 869; Dec. Dig. § 417.*]

In Bankruptcy.

William O Campbell, for petitioners.

Dittenhoefer, Gerber & James, for Metropole Construction Company.

CHATFIELD, District Judge. The bankrupts filed a voluntary petition in this court, in which they showed certain liabilities, but no assets, and upon which adjudication was entered, and a discharge granted, upon the 24th day of July, 1908. At the time of the filing of this petition, and of obtaining the discharge, a suit for damages upon two promissory notes was pending in the Supreme Court of the state of New York, and the defendants had presented an unliquidated counterclaim as a defense to that action. Neither the liability of the suit nor the possible asset represented by the counterclaim was included in the schedules filed by the bankrupts. The creditor received no notice, and is now pressing its case for trial. The bankrupts have applied for leave to open the discharge, amend the schedules, and go on with the bankruptcy proceedings as if the claim in question had been included in the original schedules. The result of this would be that the creditor, who was plaintiff in the state court action, would have a right to object to a discharge; that the claim upon which that suit is brought, arising upon the two notes, could be proven in bankruptcy (and, if a new discharge were granted, would be released thereby); and that upon the trustee in bankruptcy would devolve the responsibility of prosecuting the alleged counterclaim, if in his opinion that were advisable.

Section 15 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) provides for the opening of a discharge within a period of six months, if obtained by fraud. Section 13 provides for the setting aside of a composition in the same way. But no such question arises here, inasmuch as this application is made by the bankrupts, rather than by a creditor, and no allegations of fraud are presented. The case of In re Spicer (D. C.) 145 Fed. 431, is cited in opposition to the present motion, and the decision therein is based upon exactly similar circumstances to those now under consideration, with one exception. The application in that case was not made until

after the expiration of 12 months subsequent to adjudication. This made a proof of claim impossible under the circumstances, under the provisions of section 57, subd. "n," of the bankruptcy law. Similarly, the case of In re Hawk, 114 Fed. 916, 52 C. C. A. 536, decided by the Circuit Court of Appeals of the Eighth Circuit, holds that after the lapse of a year no creditor's rights can be taken away by the opening of a discharge, at least without notice to the creditors.

But a different situation arises upon the present motion. As has been indicated, the creditor here is in a position to file his claim, no assets have been distributed, no question of dividends entered into the matter, and the only assets of the estate shown, viz., the counterclaim, should be administered by the creditors as represented by a trustee. The bankrupt is no longer in a position to determine for his creditors whether the counterclaim is an asset or not. Further, the bankruptcy law, by section 14b (5), forbids the discharge of a bankrupt who has in voluntary proceedings been granted a discharge in bankruptcy within six years. To take away the benefits of the bankruptcy law from a bankrupt who has made a mistake which can be corrected without injury to any of the parties concerned, and thus to compel him to wait six years before he can obtain the very benefits intended to be given by the bankruptcy law, is too harsh a construction to place upon the bankruptcy statute, where the bankrupt has been guilty of no fraud and of no intentional laches

At most the failure to include the debt in his schedules was a mistake of law, for which his attorney was presumably responsible; and, recognizing that a court of bankruptcy is, so far as possible, a court of equity, it seems to this court that the present application should be granted.