In re ADAMS.

(District Court, N. D. Georgia. May 26. 1917.)

No. 5506.

BANKRUPTCY ⚖═372, 417(2)—REOPENING CASE—VACATING DISCHARGE.

Where a bankrupt honestly tried to schedule a debt due C., but, under a misapprehension as to whom it was due, scheduled it as due the C. Company, an application to set aside the discharge and reopen the case, in order that the schedules might be amended, would be granted.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 574, 869.]

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Jesse E. Adams, bankrupt. On application to set aside the discharge. Discharge set aside, and case reopened.

Claude C. Smith, of Atlanta, Ga., for petitioner.
Adamson & Miller, of Atlanta, Ga., for objector.

NEWMAN, District Judge. This is an application to set aside the discharge, granted the bankrupt on December 2, 1916. The petition to set aside this discharge is upon the following ground:

The bankrupt owed Charles H. Cone, $250, made up of 10 notes of $25 each, and, under some misapprehension as to the party to whom the debt was due, he scheduled the Cone Realty Company, at Macon, Ga., in which city Charles H. Cone lived. Charles H. Cone was connected, in some way, with the Cone Realty Company, and notice of the application for discharge was sent to that company, and it seems, from what is before the court, that the notice was sent, in some way, to the attorney of the Cone Realty Company. But, at all events, Cone denies, in his answer to the application to set aside the discharge, that he received any notice. He is proceeding with a suit against the bankrupt on the notes for the $250.

It seems that the bankrupt, Adams, was honestly trying to schedule this particular debt, but was under some misapprehension in some way as to whom it was due. I am inclined to follow the decision of Judge Chatfield, of the District Court of the Eastern District of New York (In re McKee et al. [D. C.] 165 Fed. 269), which was a case very similar to this, and upholds the granting of an application in a case such as this for setting aside the discharge and reopening the case.

Of course, Charles H. Cone will have the right to object to the granting of the discharge, after the discharge is set aside and the case reopened, upon all statutory grounds; but I think, under the circumstances in this case, following the only authority distinctly in point which I have seen, that the application should be granted. And I am of the opinion, independently of any authority, that in a case like this, where there was a sincere and honest effort to schedule a creditor, and a mistake was made as to who the creditor was, it would be only fair to reopen the case, and give the bankrupt a chance to make his schedule conform to the facts.

It is therefore ordered that the discharge heretofore granted be set aside, and the case reopened.