## In re STUDEBAKER–WULFF RUBBER CO.

### Claim of BRUGUIERE.

District Court, N. D. Ohio, Western Division.
January 25, 1929.

No. 4462.

Willis Bacon, of Akron, Ohio, for bankrupt.

J. D. Williamson, of Marion, Ohio, for claimant.

HAHN, District Judge. From the master's report three conclusions of law are established:

(1) That the master is of the opinion that Mrs. Bruguiere received the bonds in question as a gift. Paragraph 1, Conclusions of Law.

(2) That there is no evidence as to any infirmity in the title of Wulff, who, if the master's theory is correct, through his wife presented the bonds to Mrs. Bruguiere.

(3) That, under an order of the court issued June 4, 1927, all bondholders were required to file proofs of claim and deposit their bonds with the special master on or before June 22, 1927; that, although Mrs.

Bruguiere had notice of this order, her proofs were not filed until September 23, 1927, although the master had notice of the same; and that Mrs. Bruguiere's claim was disallowed because her bonds were not filed within the time limit fixed by the court.

There is no doubt that orders barring claims from participation in distribution are usually made in creditors' suits, receiverships, and all other litigation where the court has a fund for distribution. Counsel cite the cases of Smith v. Jones Lumber Co. (D. C.) 200 F. 647, and North American Co. v. St. Louis, etc., R. Co. (D. C.) 288 F. 612. To these may be added Chicago, R. I. & P. Railway v. Lincoln Horse & Mule Commission Co. (C. C. A. 8) 284 F. 955; Continental Trust Co. v. Toledo, St. Louis & K. C. R. Co. (C. C. 6) 82 F. 642; 15 C. J. 1437, note 36. As we understand the law, however, the purpose of these orders is to permit distribution without embarrassment to the distributing officer, and the bar of the order is never enforced where full distribution has not been made. As was said in 15 C. J. 1437, note 38:

"Although creditors are required by the decree to establish their claims within a time limit, they are not strictly held to the time unless injustice would otherwise be done thereby to other parties."

These proceedings are in a court of equity, and, since there has been only a partial distribution in this case, it would be shocking to a court of equity to bar the claim of Mrs. Bruguiere on the ground only that she had not filed her proof of claim within the time limit.

The order requiring the filing of proof of claims and bonds on or before June 22, 1927, was entered by this court, and said order is hereby modified to the extent of permitting Mrs. Bruguiere to file her proof of claim and her bonds. Thereafter the master should take testimony to determine whether or not there was any infirmity in the title of Mr. Wulff, and the parties carrying the burden of proving the infirmity, if there is any, should be permitted to offer proof along that line. If no proof is offered, or if the parties required to make the proof do not establish their case, the claim of Mrs. Bruguiere as to the Carey bonds should be found to be valid, unless the special master finds other grounds for holding otherwise.

An order may be drawn recommitting the matter pertaining to the Carey bonds of Mrs. Bruguiere to the special master for further action in accordance with this opinion. Said order shall not, however, restrict the special master in his further consideration hereof, and he may consider any issue which he is advised he should consider in view of this recommittal.