## In re FELDESMAN.

District Court, S. D. New York.
Feb. 19, 1935.

Maximilian Bader, of New York City, for petitioner.

Harold H. Kissam, of New York City (John J. Dwyer, of New York City, of counsel) for Morris Plan Co. of New York.

PATTERSON, District Judge.

The bankrupt moves for an order permitting her to file amended schedules so as to list the Morris Plan Company as a creditor. No such claim was included on the original schedules, and the omitted creditor filed no claim. The motion is made some twenty months after adjudication. Meanwhile, the bankrupt has long since obtained her discharge.

To extend to the bankrupt the relief asked for would work a manifest injustice on the creditor. The six months within which proof of claim may be filed expired over a year ago. It is settled law that after the termination of the period for filing claims the bankrupt will not be allowed to bring in omitted creditors. In re Hawk, 114 F. 916 (C.C.A.8); In re Spicer, 145 F. 431 (D.C.N.Y.); In re Atlas, 49 F.(2d) 474 (D.C.N.Y.); In re Trosky, 55 F.(2d) 995 (D.C.N.Y.).

The bankrupt claims that the omitted creditor had notice of the bankruptcy. It may be noted that two of the three incidents alleged to constitute notice occurred after the six months' period and thus are ineffective on their face. Birkett v. Columbia Bank, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231. As to the third, the bankrupt's showing is feeble and the creditor's refutation much more convincing. But the matter of notice is of no moment on an application of this kind. If the creditor had notice of the debtor's bankruptcy in time to file its claim, that fact may be presented by the debtor as a bar to proceedings in the state court to collect on the claim. The fact of notice, if it be a fact, is assuredly no reason for allowing an amendment of the schedules at this late date.

The motion will be denied.