## In re MAGWOOD.

### No. 23320.

District Court, W. D. New York.

Feb. 6, 1936.

Thomas L. Newton, of Buffalo, N. Y., for bankrupt.

William B. Mahoney, of Buffalo, N. Y., for Alice Silverberg.

RIPPEY, District Judge.

Charles George Magwood filed a voluntary petition in bankruptcy on May 1, 1935, and was adjudicated bankrupt on the same day. His discharge was duly granted on September 9, 1935. In his schedules he listed Celia Silverberg, of 124 Dorchester road, Buffalo, N. Y., as a creditor having a claim of $1,485 which arose on a promissory note dated December 1934, given as security for borrowed money. The note was in the following form:

"Dec. 4, 1934.

"On demand I promise to pay to Alice and Celia Silverberg One thousand Five hundred Eighty-five and 93/100 dollars, with interest.

"Charles G. Magwood."

Notices of all proceedings in the bankruptcy case were duly given to Celia Silverberg. She appeared in the bankruptcy proceeding before the referee in bankruptcy on May 20, 1935, and on July 23, 1935, she filed a verified claim and set up the note,

claiming that the bankrupt was indebted to her in the full sum of $1,485.93, with interest from December 4, 1934, but omitted any reference whatever to her sister Alice as being a creditor. This claim was filed by William B. Mahoney as her attorney, and was duly allowed by the referee. Alice Silverberg did not appear in the bankruptcy proceedings, and no claim was filed in her behalf on the above-mentioned obligation. Alice and Celia Silverberg were sisters, and lived together at the same address.

On April 30, 1935, an action was commenced by Alice Silverberg and Celia Silverberg in the Supreme Court of Erie county against the above-named bankrupt on the aforesaid note upon a verified complaint in which it was alleged that both plaintiffs were named as payees in the note, and William B. Mahoney appeared as their attorney in that action. The action lay dormant, and no answer was filed and no judgment was taken therein until October 25, 1935, when an affidavit was filed by Mr. Mahoney in which he alleged, in substance, that the debt had been discharged as to Celia Silverberg in the bankruptcy proceeding, but that Alice Silverberg had not been scheduled and was not bound by the bankruptcy proceeding, with the result that the clerk docketed judgment by default in favor of Alice Silverberg for $1,485.93, with interest from December 4, 1934, together with disbursements and costs, against Magwood on the aforesaid obligation in which Alice and Celia Silverberg were payees. Proceedings have been commenced to collect on said judgment.

The bankrupt now moves for an order declaring that he is discharged from said debt as to both sisters, the payees in the note, and restraining further proceedings for the collection of the above judgment and directing the release of moneys already collected on a garnishee execution or, in the alternative, if the creditor denies notice or knowledge of the bankruptcy proceedings, that the discharge be set aside, the bankruptcy proceedings be reopened so as to enable the court to ascertain whether Alice Silverberg is a claimant, and for such other and further relief in the premises as may be granted. Upon this motion the bankrupt presented an affidavit in which he asserted, in substance, that he had borrowed no money from Alice Silverberg, but had made the loan from Celia Silverberg, and that he was unaware that he had any obli-

gation in so far as Alice Silverberg was concerned at the time that he prepared his schedules. Alice Silverberg has filed an answering affidavit in which she alleges that she loaned a part or all of the moneys for which the note was given, and presents a statement of the details of such loan, and denies that she had any notice or knowledge of the bankruptcy proceedings.

It would be impossible for any one to believe that Alice Silverberg did not know of the bankruptcy proceedings, notwithstanding that no notices were sent to her, under the circumstances above mentioned and in view of the fact that she was represented in the action to collect on the very claim by the same attorney in the Supreme Court action as the one who appeared in the bankruptcy proceeding and filed the claim, and it is significant that the referee was not advised of the situation through the deliberate omission of the name of Alice as a payee in the note which was set up in the verified claim of Celia Silverberg in the bankruptcy case.

█ It is clear that the bankrupt scheduled Celia Silverberg as a creditor instead of Alice and Celia Silverberg as creditors on the obligation in question under an honest misapprehension as to whom he owed the debt. There was no fraud on the part of the bankrupt. The time has expired within which claims might be filed in the bankruptcy proceedings were they still open. Nevertheless, it is unnecessary to file a new claim upon the debt which was disclosed in the schedules themselves, and the claim may be amended so as to show the true facts. There was a sincere and honest effort on the part of the bankrupt to schedule the creditor. A year has not elapsed since the adjudication. There has been no intentional laches on the part of the bankrupt, for he has moved promptly upon discovery of the docketing of the judgment and upon the efforts to collect thereon.

█ In the absence of fraud or intentional laches on the part of a bankrupt, a court of bankruptcy on general principles of equity should correct such mistakes as have been made in this case, particularly where no injustice results through changing the position of the parties as they existed at the time the petition was filed, and, if necessary to do justice, the discharge may be vacated at the request of the bankrupt. In re Ingrao (D.C.) 40 F.(2d) 946; In re Adams (D.C.) 242 F. 335; Sherman & Son

et al. v. Corin (C.C.A.) 73 F.(2d) 468; Grzenia v. Lucius (C.C.A.) 66 F.(2d) 349.

It follows that the motion should be granted, that the discharge should be vacated so as to permit the schedules to be amended by including therein the name of Alice Silverberg as a creditor in conjunction with Celia Silverberg on the obligation in question, and such further proceedings should be taken in the bankruptcy court as the parties may be advised, all further proceedings in the action of Alice Silverberg against the bankrupt in the matter of the collection of the judgment aforesaid should be stayed pending proceedings upon a new application for a discharge and permanently if a discharge shall be granted, and Alice Silverberg and any officials in whose hands the garnishee execution is now outstanding should be restrained from any proceedings toward collection thereon.

Let a decree be prepared and submitted and entered accordingly.