## In re POPOVICH.
### No. 348.

Circuit Court of Appeals, Second Circuit.
June 26, 1939.

Max H. Frankle, of New York City, for appellant.

Henry Albert, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

In the bankruptcy proceedings of Lubomir Popovich an order was entered in January, 1938, granting the bankrupt his discharge. Nearly nine months later a creditor, the present appellee, applied for vacation of the discharge on the ground of fraud, pursuant to section 15 of the Bankruptcy Act, 11 U.S.C.A. § 33. The proceeding was initiated by an order to show cause directed to be served upon the attorney who represented the bankrupt in procuring his discharge. By affidavit he asserted that he appeared specially to challenge the validity of the service and that his retainer by the bankrupt had terminated with the bankrupt's discharge. Upon the hearing on the order to show cause the bankrupt's attorney was represented by an assistant, who made some statement to the judge which resulted in the entry of an order reading as follows:

" * * * and Max H. Frankle, Esq., by Marvin Stang, appearing and consenting, it is, on motion of said Henry Albert, attorney for the petitioner,

"Ordered that the application be and the same hereby is granted and the order of this Court heretofore made on the 21st day of January, 1938, discharging the bankrupt is hereby vacated and set aside; and it is further

"Ordered that the proceedings be and they hereby are sent back to Honorable Henry C. Frey, Referee, for the purpose of enabling the petitioner herein to take such action as she may deem necessary; that for such purpose the bankrupt may be examined as to his property and that upon completion of such examination the bankrupt herein may again apply for a final discharge at which time this petitioner, as a creditor, may make such opposition thereto as she may see fit under the circumstances."

This order entered on December 2, 1938, is the first order appealed from. Attorney Frankle immediately moved to vacate it, asserting by affidavit that he was not authorized to consent to vacating the discharge, nor had he authorized any one else to so consent, but he "was willing to ratify the act of Mr. Stang in so far as having the questions raised in the petition referred to the referee to take proof." Affidavits were submitted in opposition to the motion, and on December 21st the motion was denied. From such denial the bankrupt has also appealed.

We may assume that section 15 of the Bankruptcy Act as amended by the Chandler Act, 11 U.S.C.A. § 33, applies to this proceeding, although the result would be no different if the earlier form of the statute were held to govern. Section 15 as amended reads: "The court may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge."

Whether the discharge is to be vacated before or after a trial of the issues presented by the applicant's petition is by no means a technical distinction. Upon such a trial the moving party has the burden of proving the facts upon which revocation is conditioned by the statute, includ-

156

ing the absence of "undue laches". See In re Mauzy, D.C.N.D.W.Va., 163 F. 900; In re Howard, D.C.N.D.W.Va., 201 F. 577. But if the discharge may be revoked before such a trial, then the burden of proving his right to the discharge is upon the bankrupt. 11 U.S.C.A. § 32. We will not say that a bankrupt may not consent to a vacation of his discharge prior to proof upon a trial of the facts justifying its revocation. See In re Ingrao, D.C.W.D.N.Y., 40 F.2d 946; In re Magwood, D.C.W.D.N.Y., 13 F.Supp. 661. But if a discharge is to be vacated upon consent of the bankrupt, it must be a duly authorized consent. Where the bankrupt's attorney denies that he has authority to give such a consent for his client; the fact that an assistant to the attorney erroneously conveyed to the district judge the impression that he consented to the order should not be treated as conclusive of the bankrupt's consent. In the case at bar there is no contradiction of Mr. Frankle's affidavit that neither he nor Mr. Stang had authority to consent on behalf of the bankrupt to vacation of the discharge. It was therefore error to deny his motion to vacate the order of December 2nd, and both orders must be reversed. This will be without prejudice to the right of the creditor to prosecute her application for revocation of the discharge pursuant to section 15, and the issues raised by her petition may properly, if so desired, be tried before the referee as a special master. In re Meyers, D.C.S.D.N.Y., 100 F. 775.

Orders reversed.