### In re MARGOLIS.

District Court, S. D. New York.
March 26, 1940.

Herbert S. Duncombe, Jr., of New York City, for plaintiffs John W. Rueff and Bankers Trust Co., as executors of Estate of J. Clifton Edgar.

Benjamin Margolis, of New Rochelle, N. Y., for bankrupt.

HULBERT, District Judge.

This is a motion by the bankrupt to reopen the proceedings for the sole purpose of amending his schedules so as to include therein as a creditor, the Executors of J. Clifton Edgar, deceased.

Petitioner was adjudicated a bankrupt on July 28, 1932 and on December 7, 1932 he was granted his discharge.

The Executors of J. Clifton Edgar, who was a mortgagee of property formerly owned by bankrupt, have made a motion for a summary judgment in the Supreme Court for Westchester County upon a bond given by the bankrupt in connection with the said mortgage and the bankrupt, although now allegedly a resident of Pennsylvania, has appeared by attorney in that proceeding and pleaded his discharge.

It appears, however, that J. Clifton Edgar was never listed as a creditor in the Bankruptcy Schedules and it is urged that since assertedly he had actual notice of the proceeding, amendment of the Schedules should be permitted now.

No useful purpose can be served by including the names of the creditor's Executors in the Schedules at this late date. The time for filing proofs of claim has long since expired, 11 U.S.C.A. § 93. The State Court may effectively pass upon the scope of the bankrupt's discharge and consider whether or not the creditor received actual notice of this proceeding. Birkett v. Columbia Bank, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231. The motion is denied and the stay vacated. In re Feldesman, D.C., 13 F.Supp. 1010.