## In re MATHERS.

### No. 30097.

District Court, W. D. New York.

Dec. 10, 1940.

Albrecht, Maguire & Mills, of Buffalo, N. Y., for bankrupt.

Saperston, McNaughtan & Saperston, of Buffalo, N. Y., for creditor.

KNIGHT, District Judge.

The question here was presented in the Matter of Gellman, D.C., 13 F.Supp. 643, decided by me. I have considered the authorities presented for the bankrupt herein and see no reason to change the opinion given in the Gellman case.

Numerous authorities support the opinion heretofore and now held by me. See In re Hawk, 8 Cir., 114 F. 916; In re Atlas, D. C., 49 F.2d 474; In re Trosky, D.C., 55 F.2d 995; In re Feldesman, D.C., 13 F.Supp. 1010. With the exception of In re Ingrao, D.C., 40 F.2d 946, it seems to me that each of the cases cited on behalf of the bankrupt are distinguishable from the present one. Grzenia v. Lucius, 7 Cir., 66 F.2d 349, presented the question of vacating a discharge to permit the bankrupt to obtain the benefit of an amended statute. In Sherman & Son v. Corin, 1 Cir., 73 F.2d 468, the application was made by creditors to file objections to the discharge where the time for filing had expired and where the creditors claimed that they had not received notice of the application for discharge. The court only held that in the exercise of its equity power it might grant an order setting aside a discharge because the creditor had received no notice of a hearing thereon. In re McKee, D.C., 165 F. 269, the application to vacate the discharge was made before the time to file claims expired. In re Adams, D.C., 242 F. 335, it appeared that a notice of meeting of creditors was given to the Cone Corporation and not to individual Cone. Here there was a clear mistake as to who the creditor was. It does not appear whether the time to file claims had expired when the application was made. In Re Magwood, D.C., 13 F.Supp. 661, the discharge was vacated where there were sufficient facts to show that the creditor had notice of the proceedings in bankruptcy. In that case it was held that it was not necessary to file a new claim as a claim had been filed by the petitioning creditor's co-payee on the note. In re Pierson, D.C., 174 F. 160, it was held that the time for the filing of claims could be extended from the date of the re-opening of the estate. Here a case was re-opened on the discovery of assets. Williams v. Rice, 5 Cir., 30 F.2d 814; In re Sanders, D.C., 20 F.Supp. 98; In re Studebaker-

Wulff Rubber Co., D.C., 33 F.2d 1004; In re Fagan, D.C., 140 F. 758; In re Towne, D.C., 122 F. 313; and In re Coleman & Titus Corp., D.C., 286 F. 303, each held that the court had authority to extend time to ·file claim under certain circumstances.

Assuming the Court, in the exercise of its discretion, could grant the relief sought, it does not seem to me that there is a proper showing for such action. The bankrupt concedes his liability for the debt. He predicates his application herein upon the statement that his wife contracted them and that he had no knowledge as to either of them; that in the case of one she had supposed it compromised; in the case of the other, she had forgotten it. There is no affidavit by the wife. While the affidavit of the petitioner does not show it, the brief submitted on his behalf states that the rent on which the claims are based was for premises occupied by petitioner and his wife. Again, the reason assigned in the brief why the wife had thought the bank claim satisfied does not seem reasonable nor is there anything told of what was said as a basis for a settlement. It is curious that each of these claims is on account of unpaid house rent. It would seem that petitioner was in a position where he should have known of these claims. I think that the petitioner should be held to greater care than here shown to be permitted now to include these claims in his schedules.

The motion is denied.